NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| CRESS CARNEY, | ) | |
| | ) | Supreme Court No. S-16622 |
| Appellant, | ) | |
| | ) | Superior Court No. 3SW-15-00089 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, | ) | AND JUDGMENT* |
| DEPARTMENT OF CORRECTIONS | ) | |
| | ) | No. 1678 – May 9, 2018 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Seward, Charles T. Huguelet, Judge.

Appearances: Cress Carney, pro se, Seward, Appellant. Mary B. Pinkel, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellee.

Before: Stowers, Chief Justice, Maassen, Bolger, and Carney, Justices. [Winfree, Justice, not participating.]

## I.    INTRODUCTION

Cress Carney filed a civil complaint against the State of Alaska, Department of Corrections. The superior court ultimately dismissed his complaint for failure to state a claim upon which relief could be granted. Carney appealed, raising a number of issues, but not the dismissal. Because his other arguments lack merit, we affirm the superior court's dismissal of his complaint.

---

\*      Entered under Alaska Appellate Rule 214.

## II. DECISION

1.     In November 2015 Carney, representing himself, filed a civil complaint against the Alaska Department of Corrections and its medical department (collectively, the State).[1]  The complaint alleged that the State had committed medical neglect by failing to adequately treat his migraines; Carney sought $904,000 in damages, and demanded a jury trial.

2.     Following motion practice relating to whether proper service had been accomplished and to determine the constitutional or other basis for his complaint, Carney filed an amended complaint in November 2016.

3.     The State responded to the amended complaint with a motion to dismiss for failure to state a claim on which relief may be granted.

4.     Carney opposed the State's motion to dismiss.  He also filed a motion for default judgment arguing that the State had failed to file an answer or entry of appearance.[2]  The State opposed the motion for default judgment, pointing out that it was actively participating in the case.

5.     The motion for default judgment was deemed moot and the superior court granted the State's motion to dismiss in January 2017.  The court noted that the amended complaint remained procedurally deficient even after it had given Carney notice of the deficiencies and time to correct the deficiencies.  The order dismissing the case referred to the court's December 2016 Notice advising Carney that his complaint "was procedurally deficient in that it contained no factual allegations that could plausibly

---

[1]     Carney is incarcerated at the Spring Creek Correctional Facility.

[2]     Carney had previously filed another motion for default judgment which the court denied because the original complaint had not been properly served on the State.

support a cause of action" and its specific advisement that "he had 30 days to re-amend his complaint."

6.    Carney has appealed only the superior court's order that his second motion for default judgment was moot. He has not appealed the court's order dismissing his complaint.

7.    This court applies a more lenient standard to self-represented parties than to those who have attorneys.[3] We consider pleadings filed by self-represented litigants "liberally in an effort to determine what legal claims have been raised."[4] But even a self-represented party must file briefs that "allow his or her opponent and this court to discern [his or her] legal argument."[5] And to avoid abandoning an argument, "[e]ven a [self-represented] litigant . . . must cite authority and provide a legal theory."[6]

8.    Because Carney has not argued that the superior court erred when it dismissed his complaint, this argument has been abandoned on appeal. Accordingly, we AFFIRM the superior court's decision. And because Carney's case is dismissed, we do not address his argument regarding his motion for default judgment.

---

[3]    *Wright v. Anding*, 390 P.3d 1162, 1175 (Alaska 2017) (citing *Casciola v. F.S. Air Serv., Inc.*, 120 P.3d 1059, 1062-63 (Alaska 2005)).

[4]    *Id.* (quoting *Toliver v. Alaska State Comm'n for Human Rights*, 279 P.3d 619, 622 (Alaska 2012)).

[5]    *Id.* (quoting *Casciola*, 120 P.3d at 1063). *See also* Alaska R. App. P. 212(c)(1)(I) (requiring briefs to have "[a]n argument section, which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on.").

[6]    *Id.* (omission in original) (quoting *Casciola*, 120 P.3d at 1063).